UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GAMLET VARDANYAN, <br><br> Plaintiff, <br><br> v. <br><br> THE PORT OF SEATTLE and individuals JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JANE DOE #1, JOSHUA LANDERS, JOSHUA MAIURI, BRANDON BRUUN, JAMES WOLF, and BRENDA NEIGEL-BRITT, <br><br> Defendants. | CASE NO. C11-1224-RSM <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

**I. INTRODUCTION**

This action arises out of an altercation between Plaintiff and a traffic control officer in the summer of 2008 at Pier 66 in Seattle. Defendants Brenda Neigel-Britt, Brandon Bruun, and James Wolf move for summary judgment. For the reasons set forth below, Defendants' motion is GRANTED.

## II. DISCUSSION

**A. Background**

Plaintiff and a traffic control officer, John Doe #2, entered into an altercation at Pier 66 on July 26, 2008. *See* Dkt. # 1. Plaintiff called 911 and a Port of Seattle police officer (John Doe #4) responded, assured the Plaintiff that the matter would be turned over to the prosecutor's office, and that he would receive paperwork from the prosecutor. *Id.*

On September 5, 2008, Plaintiff and John Doe #2 were involved in a second altercation at Pier 66. *Id.* According to Plaintiff, John Doe #2 approached Plaintiff's vehicle, stuck his middle finger in the air, and ordered the Plaintiff to roll down his window. *Id.* John Doe #2 attests that the altercation began with the Plaintiff yelling profanities out of his car window. *See* Dkt. # 20, Ex. A. After a heated verbal exchange, Plaintiff exited his vehicle, John Doe #2 ran towards Plaintiff, then Plaintiff re-entered his vehicle and locked the doors. Dkt. # 1. John Doe #2 struck the passenger door, causing a dent, and repeatedly banged on the windows. *Id.* Plaintiff then drove to the other side of the street, exited his vehicle, and called 911. *Id.* According to the police report filed after the incident, John Doe #2 also called 911. *See* Dkt. # 20, Ex. A.

Port of Seattle police officers and Defendants to this action Joshua Landers, Joshua Maiuri, James Wolff, and Brandon Bruun arrived on the scene. Dkt. # 1. Also on the scene were Jane Doe #1, a Port of Seattle employee who works at Pier 30, and John Doe #4, the officer who took Plaintiff's statement on July 26, 2010. *Id.* Plaintiff was ordered to move his vehicle out of the roadway. *Id.* Defendant Landers and three other witnesses observed Plaintiff enter his vehicle, move approximately 40 feet through the pedestrian loading/unloading area at a high rate of speed, and come to a halting stop in front of Landers in the pick up area. Dkt. # 20, Ex. A. Upon exiting the vehicle, Landers and Maiuri grabbed Plaintiff's arms and arrested him. Dkt. # 1. Landers's grasp was allegedly so tight that it left bruises on Plaintiff's arms. *Id.* Plaintiff was

placed in the rear of a patrol car for twenty minutes in hot weather. *Id.* He alleges that Jane Doe #1 took pictures of him while he was having difficulty breathing. *Id.*

Landers wrote in a police report that there was probable cause to believe that Plaintiff had committed the crime of assault in the 4th degree by spitting in John Doe #2's face, and the crime of reckless driving, by recklessly speeding in a congested pedestrian area. Dkt. # 20, Ex. A. Plaintiff was cited for reckless driving, *id.* at Ex. B, and on October 15, 2009, a pro-tem judge in King County District Court found probable cause for Plaintiff's arrest, *id.* at Ex. C. On June 25, 2010, a jury found Plaintiff guilty of reckless driving. *Id.* at Ex. D.

Plaintiff alleges that Defendants acted under color of state law in depriving him of his constitutional rights in violation of 42 U.S.C § 1983. Specifically, Plaintiff brings Section 1983 causes of action for unlawful seizure, violation of due process, violation of his right to privacy, failure to intervene, malicious prosecution, and false arrest. Construing his complaint liberally, Plaintiff also brings state law causes of action for invalid use of legal authority, false imprisonment, false arrest, and malicious criminal prosecution.

**B. Analysis**

1. Summary Judgment Standard

Under this Court's local rules, "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Notwithstanding this rule, an unopposed motion for summary judgment presents a special case. A district court may not grant an unopposed motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-1495 & n.4 (9th Cir. 1994). *See also* Fed. R. Civ. P. 56, advisory committee note of 2010 ("summary judgment cannot be granted by default even if there is a complete failure to respond to the motion…"). The Court may only grant summary judgment if

"the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing F.D.I.C. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Myers*, 969 F.2d at 747. However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Whether to consider the fact undisputed for the purposes of the motion is at the court's discretion and the court "may choose not to consider the fact as undisputed, particularly if the court knows of record materials that should be grounds for genuine dispute." Fed. R. Civ. P. 56, advisory committee note of 2010. On the other hand, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

2. <u>Sufficiency of Service</u>

Defendants contend that Plaintiff has failed to properly serve either of the Defendants in this matter. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004) (citing 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp.2003); *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 538 (9th Cir.1986)). Here, Plaintiff has failed to meet his burden of showing that he properly served Bruun, Wolf, or Neigel-Britt.

Plaintiff served all of the named Defendants in this matter by serving attorney Craig Watson, General Counsel for the Port of Seattle. *See* Dkt. ## 12, 16. Service upon a defendant's attorney is only effective if the attorney is "an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(e)(2)(C); *Pochiro v. Prudential Ins. Co. of Am.,* 827 F.2d 1246, 1248-49 (9th Cir.1987) (stating that service on attorney is insufficient unless attorney had actual authority from client to accept service on client's behalf). Here, Plaintiff has presented no evidence that the General Counsel for the Port of Seattle is the agent for Defendants Neigel-Britt, Bruun, or Wolf for purposes of service of process. Nor has Plaintiff provided any evidence that Mr. Watson had implied authority to accept service of process for these Defendants. *See In re Focus Media Inc.,* 387 F.3d 1077 (9th Cir.2004) (recognizing that, in some situations, attorneys can have implied authority to accept service of process). Accordingly, Plaintiff has not met his burden of proving he properly served Defendants Neigel-Britt, Bruun and Wolf and the action must be dismissed for lack of personal jurisdiction.

3. <u>Statute of Limitations</u>

Defendants Brunn, Neigel-Britt, and Wolf argue that all of Plaintiff's claims against them should be dismissed *with prejudice* because Plaintiff never served them and Plaintiff's claims are now barred by the statute of limitations. The Court disagrees as to Plaintiff's claims under Section 1983 and any state law claim for malicious prosecution.

Plaintiff had three years to commence his lawsuit to prevent his Section 1983 claims from being time barred by the statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 247–48, 109 S.Ct. 573, 102 L.Ed.2d 594 (stating that § 1983 claims brought in a state with more than one statute of limitation is governed by the state's "residual" or "general personal injury" statute of limitations); *see also* Wash. Rev. Code §§ 4.16.005 & 4.16.080(2) (stating that the statute of limitations for personal injury claims is three years). Plaintiff's state law claims for malicious prosecution, invalid use of legal authority, false imprisonment, and false arrest are subject to either two or three year limitations periods. *See* Wash. Rev. Code § 4.16.080; *Coffey v. Mugler,* 68 Fed. Appx. 822 (9th Cir. 2003) (holding that under Washington law, malicious prosecution claim was subject to three-year statute of limitation under catch-all statute for cases of "any other injury to the person or rights of another not hereinafter enumerated"); *Heckart v. City of Yakima,* 42 Wash.App. 38 (1985) (establishing that two-year limitation period for actions for false imprisonment applied to actions for false arrest).

Under Washington law, an action is commenced when "the complaint is filed or the summons is served." Wash. Rev. Code § 4.16.170. However, commencement of an action is complete only if the plaintiff effects personal service on one or more of the defendants "within ninety days from the date of filing the complaint." *Id. See also O'Neil v. Farmers Ins. Co. of Washington,* 124 Wn.App. 516, 523, 125 P.3d 134 (2004). Washington law applies for purposes of determining when a lawsuit has "commenced." *See Torre v. Brickey,* 278 F.3d 917 (9th

Cir.2002) (holding that there is no conflict between Rule 4(m) and an Oregon statute of limitations virtually identical to the one at issue here and applying Oregon law).

Here, Plaintiff served the Port of Seattle on October 19, 2011, which is less than ninety days after he filed his complaint. *See* Dkt. # 4. As a result, Plaintiff's action is considered "commenced" as of the date he filed his complaint. Wash. Rev. Code § 4.16.170. The complaint was filed within the three-year statute of limitations applicable to Plaintiff's Section 1983 claims and claim for malicious prosecution under state law. *See* Dkt. # 1. Plaintiff's state law claims for false arrest and false imprisonment, however, are barred by the two-year limitations period set forth in Wash. Rev. Code § 4.16.080 and are hereby dismissed with prejudice.

4. Sufficiency of Evidence

Defendants Neigel-Britt, Bruun, and Wolf move for summary judgment on all of Plaintiff's claims, arguing that Plaintiff has failed to produce any evidence that they have violated any state or federal law in connection with the facts giving rise to his complaint. The relief requested is GRANTED.

*a. Defendant Brenda Neigel-Britt*

The only mention of Neigel-Britt's name in Plaintiff's complaint is in paragraph 76, under the heading "NINTH CAUSE OF ACTION (Malicious Criminal Prosecution)" wherein Plaintiff alleges "Brenda Neigel-Britt instituted criminal proceedings against [Plaintiff] for assault and malicious mischief" and that such charges were later dismissed or dropped. Dkt. # 1, ¶76. "To maintain an action for malicious prosecution, a plaintiff must allege and prove that (1) the prosecution was instituted or continued by the defendant, (2) there was want of probable cause for the institution or continuation of the proceeding, (3) the proceeding was instituted or continued through malice, (4) the proceeding was terminated on the merits in favor of the

1 | plaintiff or was abandoned, and (5) plaintiff suffered injury as a result of the prosecution."
2 | *Youker v. Douglas County*, 162 Wash.App. 448, 461 (2011) (citing *Bender v. City of Seattle,* 99
3 | Wash.2d 582, 593 (1983)). Evidence produced by Defendants demonstrates that, while Landers
4 | wrote in his report that there was probable cause to believe that Plaintiff committed the crimes of
5 | assault in the 4th degree and reckless driving, Plaintiff was only cited for reckless driving.[1] *See*
6 | Dkt. # 21, Exs. A & B. Plaintiff has produced no evidence indicating that criminal proceedings
7 | for assault and malicious mischief were ever initiated against Plaintiff, let alone by Defendant
8 | Neigel-Britt. The nonmoving party must make a "sufficient showing on an essential element of
9 | her case with respect to which she has the burden of proof" to survive summary judgment.
10 | *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendant Neigel-Britt's motion for
11 | summary judgment is GRANTED.

　　*b. Defendant Brandon Bruun*

Defendant Bruun is mentioned twice in Plaintiff's complaint. First, Plaintiff alleges that, after he called 911, Bruun "arrived on the scene." Dkt. # 1, ¶21. Second, Plaintiff brings a claim against Bruun for unlawful seizure in violation of Section 1983, alleging that Bruun, together with Joshua Landers and James Wolff, "used excessive force in grabbing [Plaintiff], tightly handcuffing him behind his back, double locking them, and imprisoning him in their patrol car with the windows closed." *Id.* at ¶49.[2] Plaintiff has produced no evidence to support his claims. Bruun has provided a declaration in which he asserts that "[w]hile I believe I was physically present on the date of Plaintiff's arrest, I did not arrest him. I may have escorted Plaintiff once

---

[1] Landers also wrote in his report that the *victim* (presumably, John Doe #2) had been cited for Malicious Mischief in the 3rd Degree for denting Plaintiff's vehicle.

[2] Elsewhere in the complaint, Plaintiff asserts that it was Officer Landers that "handcuffed [Plaintiff's] hands behind his back and put him in the rear of the patrol car with all of the windows and doors closed." *Id.* at ¶27.

he was brought to our holding facility at the pier. I deny that I used force or excessive force." *See* Dkt. # 21.

In order to be individually liable under § 1983, an individual must personally participate in an alleged rights deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002). "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen.'" *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). Bruun alleges that he was not personally involved in Plaintiff's arrest and therefore could not have restrained Plaintiff's liberty.

The elements of a claim of excessive force in violation of the Fourth Amendment are that the defendant used excessive force during a lawful stop or arrest." *See Graham v. Connor,* 490 U.S. 386, 396 (1989). Bruun denies that he participated in Plaintiff's arrest. Dkt. # 21. Bruun further denies that he used any force or excessive force in his interactions with Plaintiff. *Id.* The police report filed by Defendant Landers indicates that Landers and Maiuri were involved in seizing Plaintiff, handcuffing him, and leaving him in the patrol car. *See* Dkt. # 20, Ex. A. Plaintiff has produced no evidence to the contrary. Accordingly, the court considers the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e)(2). The Court GRANTS Defendant Bruun's motion for summary judgment.

    *c. Defendant James Wolf*

Plaintiff mentions Defendant Wolf three times in his complaint. First, he alleges that Wolf "arrived on the scene" after he called 911. Dkt. # 1, ¶ 21. Second, he alleges that Wolf, together with Landers and Bruun "used excessive force in grabbing him…" *Id.* at ¶49. Finally, he alleges that Wolf "instituted criminal proceedings against [Plaintiff] for assault and malicious mischief." *Id.* at ¶75. As indicated above, there is no evidence in the record that any officer

other than Landers and Maiuri participated in Plaintiff's arrest. Nor is there any evidence that Plaintiff was ever prosecuted for assault and malicious mischief. Defendant Wolf's motion for summary judgment is GRANTED.

### III. CONCLUSION

Therefore, the Court, having reviewed the Motion for Summary Judgment filed by Defendants Bruun, Wolf, and Neigel-Britt, each of the declarations and exhibits, and the remainder of the record, hereby finds and ORDERS:

(1) Defendant's Motion for Summary Judgment (Dkt. # 19) is GRANTED. Plaintiff's claims against Defendants Bruun, Wolf, and Neigel-Britt are hereby dismissed <u>with prejudice</u>.

(2) The Clerk is directed to forward a copy of this Order to all Counsel of record.

Dated this 17th day of May 2012.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE