1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | GAMLET VARDANYAN,

11 |               Plaintiff,

12 |    v.

13 | THE PORT OF SEATTLE and

14 | individuals JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,

15 | JANE DOE #1, JOSHUA LANDERS, JOSHUA MAIURI, BRANDON

16 | BRUUN, JAMES WOLF, and BRENDA NEIGEL-BRITT,

17 |              Defendants.

CASE NO. C11-1224 RSM

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

18

19

## I. INTRODUCTION

20

       This action arises out of an altercation between Plaintiff and a traffic control officer in the

21

summer of 2008 at Pier 66 in Seattle.  The Court previously granted summary judgment in favor

22

of Defendants Brenda Neigel-Britt, Brandon Bruun, and James Wolf.  Dkt. #26.  The remaining

23

named Defendants, the Port of Seattle, Joshua Landers and Joshua Maiuri now also move for

24

1   summary judgment.   For the reasons set forth below, Defendants' motion is GRANTED and

2   Plaintiff's action is hereby DISMISSED.

3                                                       **II. DISCUSSION**

4        The parties are familiar with the facts of this case, which are summarized in full in the

5   Court's previous order on summary judgment.   Dkt. #26.   Defendants Landers, Maiuri and the

6   Port of Seattle have now moved for summary judgment, arguing that Plaintiff has failed to prove

7   the essential elements of his claims or, in the alternative, that he failed to properly serve the

8   remaining named Defendants and the applicable limitations periods have run.   Plaintiff did not

9   respond to Defendants' motion.

10        Under this Court's local rules, "[i]f a party fails to file papers in opposition to a motion,

11   such failure may be considered by the court as an admission that the motion has merit."  Local

12   Rule CR 7(b)(2).  Notwithstanding this rule, an unopposed motion for summary judgment

13   presents a special case.  A district court may not grant an unopposed motion for summary

14   judgment solely because the opposing party has failed to file an opposition. *See Cristobal v.*

15   *Siegel*, 26 F.3d 1488, 1494-1495 & n.4 (9th Cir. 1994). *See also* Fed. R. Civ. P. 56, advisory

16   committee note of 2010 ("summary judgment cannot be granted by default even if there is a

17   complete failure to respond to the motion…").   The Court may only grant summary judgment if

18   "the motion and supporting materials . . . show that the movant is entitled to it."  Fed. R. Civ. P.

19   56(e).

20        Summary judgment is appropriate where "the movant shows that there is no genuine

21   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

22   R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).   In ruling on

23   summary judgment, a court does not weigh evidence to determine the truth of the matter, but

24

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 2

"only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing F.D.I.C. v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Myers*, 969 F.2d at 747.  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "If a party ... fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).  Whether to consider the fact undisputed for the purposes of the motion is at the court's discretion and the court "may choose not to consider the fact as undisputed, particularly if the court knows of record materials that should be grounds for genuine dispute." Fed. R. Civ. P. 56, advisory committee note of 2010.  On the other hand, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252.

1.  Sufficiency of Service

The remaining Defendants contend that they were not properly served by Plaintiff. Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004) (citing 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1083 (3d ed. 2002 & Supp.2003); *Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 538 (9th Cir.1986)).  Here,

1    Plaintiff has failed to meet his burden of showing that he properly served Landers, Maiuri, and

2    the Port of Seattle.

3        Plaintiff served all of the named Defendants except the Port of Seattle by serving attorney

4    Craig Watson, General Counsel for the Port of Seattle.  Dkt. ##12–16.  Service upon a

5    defendant's attorney is only effective if the attorney is "an agent authorized by appointment or

6    by law to receive service of process."  *See* Fed. R. Civ. P. 4(e)(2)(C); *Pochiro v. Prudential Ins.*

7    *Co. of Am.,* 827 F.2d 1246, 1248-49 (9th Cir.1987) (stating that service on attorney is insufficient

8    unless attorney had actual authority from client to accept service on client's behalf).  Here,

9    Plaintiff has presented no evidence that the General Counsel for the Port of Seattle is the agent

10   for Defendants Landers or Maiuri for purposes of service of process.  Nor has Plaintiff provided

11   any evidence that Mr. Watson had implied authority to accept service of process for these

12   Defendants.  *See In re Focus Media Inc.,* 387 F.3d 1077 (9th Cir.2004) (recognizing that, in

13   some situations, attorneys can have implied authority to accept service of process).

14   Accordingly, Plaintiff has not met his burden of proving he properly served Defendants Lander

15   and Maiuri.

16       Plaintiff served the Port of Seattle by serving "TAMYE McGARRY, WHO IS A/THE

17   FACILITIES ADMIN" [sic].  Dkt. #4.  RCW 4.28.080(9) applies to service on the Port as a

18   municipal corporation.  Under that provision, the summons shall be served by delivering a copy:

> [T]o the president or other head of the company or corporation, the registered
> agent, secretary, cashier or managing agent thereof or to the secretary,
> stenographer or office assistant of the president or other head of the company or
> corporation, registered agent, secretary, cashier or managing agent.

21   RCW 4.28.080(9).  The Washington Legislature has said that under RCW 4.28.080(9),

22   "[p]ersonal service must be made *on the person designated by statute.*" 1987 Final Legislative

23   Report, HB 1199, Wash. Leg., at 173 (emphasis added).  And in *Crystal, China and Gold, Ltd. v.*

1   *Factoria Ctr. Inv., Inc.,* the court held that "the service statute for corporations communicates the

2   Legislatures decision that only persons holding *certain positions* can accept service on behalf of

3   a corporation," finding no justification for permitting service on persons in "unnamed

4   occupations." 93 Wash. App. 606, 610, 969 P.2d 1093 (1999) (emphasis added).

5        Plaintiff has presented no *prima facie* proof that Tamye McGarry was an office assistant

6   to one of the persons named in the service statute.  Thus, he has not met the burden of proving he

7   properly served the Port of Seattle.  *See Witt v. Port of Olympia*, 126 Wash. App. 752, 757-58,

8   109 P.3d 489, 491-92 (2005).  Because Plaintiff has failed to demonstrate proper service upon

9   any of the named Defendants to this action, Plaintiff's lawsuit must be dismissed.  *See Omni*

10  *Capital Int'l, Ltd. v. Wolff & Co.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)

11  (holding that proper service is jurisdictional requirement).

12       2.   <u>Statute of Limitations</u>

13       Plaintiff had three years to commence his lawsuit to prevent his Section 1983 claims

14  from being time barred by the statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 247–48,

15  109 S.Ct. 573, 102 L.Ed.2d 594 (stating that § 1983 claims brought in a state with more than one

16  statute of limitation is governed by the state's "residual" or "general personal injury" statute of

17  limitations); *see also* Wash. Rev. Code §§ 4.16.005 & 4.16.080(2) (stating that the statute of

18  limitations for personal injury claims is three years).  Plaintiff's state law claims for malicious

19  prosecution, invalid use of legal authority, false imprisonment, and false arrest are subject to

20  either two or three year limitation periods.  *See* Wash. Rev. Code § 4.16.080; *Coffey v. Mugler,*

21  68 Fed. Appx. 822 (9th Cir. 2003) (holding that under Washington law, malicious prosecution

22  claim was subject to three-year statute of limitation under catch-all statute for cases of "any other

23  injury to the person or rights of another not hereinafter enumerated"); *Heckart v. City of Yakima,*

24

1  42 Wash.App. 38 (1985) (establishing that two-year limitation period for actions for false

2  imprisonment applied to actions for false arrest).

3        Under Washington law, an action is commenced when "the complaint is filed or the

4  summons is served."  Wash. Rev. Code § 4.16.170.  However, commencement of an action is

5  complete only if the plaintiff effects personal service on one or more of the defendants "within

6  ninety days from the date of filing the complaint."  *Id. See also O'Neil v. Farmers Ins. Co. of*

7  *Washington,* 124 Wn.App. 516, 523, 125 P.3d 134 (2004).  Washington law applies for purposes

8  of determining when a lawsuit has "commenced."  *See Torre v. Brickey,* 278 F.3d 917 (9th

9  Cir.2002) (holding that there is no conflict between Rule 4(m) and an Oregon statute of

10  limitations virtually identical to the one at issue here and applying Oregon law).

11        Previously, the Court held that Plaintiff's lawsuit had "commenced" because he served

12  the Port of Seattle on October 19, 2011, less than ninety days after he filed his complaint.  Dkt. #

13  4.  Now the Port of Seattle has challenged Plaintiff's service of process, and as set forth above,

14  the Court finds that Plaintiff did *not* serve the Port of Seattle within ninety days of filing his

15  complaint.  As a result, Plaintiff's action is not considered "commenced" as of the date he filed

16  his complaint.  Wash. Rev. Code § 4.16.170.

17        Plaintiff did not commence his action within the three-year statute of limitations

18  applicable to Plaintiff's Section 1983 claims and claim for malicious prosecution under state law

19  or the two-year limitations period set forth in Wash. Rev. Code § 4.16.080 for Plaintiff's state

20  law claims for false arrest and false imprisonment.  All of Plaintiff's remaining claims are

21  therefore dismissed with prejudice.   Because Plaintiff did not properly serve any of the

22  Defendants, the Court declines to address Defendants' remaining arguments for summary

23  judgment.

24

**III. CONCLUSION**

Having reviewed the Motion for Summary Judgment filed by Defendants Landers, Maiuri, and the Port of Seattle, each of the declarations and exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Summary Judgment (Dkt. #27) is GRANTED.

(2) Plaintiff's action is hereby DISMISSED with prejudice.

(3) The Clerk is directed to forward a copy of this Order to all Counsel of record.


Dated this 10th day of August 2012.




RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 7